IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT STEVEN BELL,  )
            Petitioner  )
              )
vs.  )   Civil Action No. 07-1215
              )   Judge Gary L. Lancaster/
Ph.D. DOCTOR JEFFREY A. BEARD,  )   Magistrate Judge Amy Reynolds Hay
Secretary, the Pennsylvania Department of  )
Corrections, District Attorney of the County  )
of Allegheny, and THE WARDEN of SCI-  )
Frackville  )
            Respondents  )

## REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that habeas petition filed pursuant to 28 U.S.C. § 2254 be dismissed as moot and that a certificate of appealability be denied.

### REPORT

Robert Steven Bell ("Petitioner" or "Bell") has filed the instant habeas petition pursuant to Section 2254, challenging not his convictions but the calculation of his sentences. Petitioner has a significant criminal history, including the commission of state crimes in Pennsylvania while on parole from a Pennsylvania state sentence. The current habeas petition involves two criminal cases. Given the rather complicated nature of his sentences and his being paroled and then committing new crimes while on parole, the Respondents did, in fact, make an error in calculating Petitioner's sentences, denying him one year of credit that he was entitled to, which resulted in Petitioner having served roughly nine months beyond what he should have. However, upon having the error pointed out by counsel for the Respondents, the Respondents immediately

released Petitioner. Because Petitioner sought, via this habeas petition, release from his sentence, and that has now happened, this habeas petition is rendered moot.

**PROCEDURAL HISTORY**

The Clerk of Courts received a habeas petition from Petitioner on September 7, 2007. Dkt. [1]. In addition, shortly thereafter, Petitioner confusingly purported to file motions in this case on behalf of a fellow prisoner. Dkt. [4]. That filing was stricken by order entered September 19, 2007, Dkt. [6], and Petitioner appealed to the District Court, Dkt. [7], which affirmed. Dkt. [8]. Thereafter, on November 15, 2007, Petitioner was ordered to file an amended habeas petition in order to correct some deficiencies. Dkt. [9]. On December 6, 2007, Petitioner filed a motion to extend the time for filing a "supplemental" habeas petition. Dkt. [10]. On that same date, Petitioner filed an "amended habeas petition." Dkt. [12].

On January 4, 2008, Petitioner's motion to proceed IFP was granted and the habeas petition was formally docketed, Dkt. [17], which is the operative petition. That petition complained of many things including the sentencing calculation issue, which is the heart of this habeas petition. By way of relief, Petitioner sought the "grant of a writ . . . of habeas corpus and immediate release from custody." Dkt. [17] at 22. To the extent that the petition challenged his conditions of confinement as opposed to the length of his sentence, such claims simply are not cognizable in this habeas petition.[1] In that same order granting IFP to Petitioner, the Court

---

[1] While the line of demarcation between habeas and civil rights actions has not always been clear, more recently, possibly prompted by the enactment of AEDPA and the PLRA, which brought a greater urgency for doing so, several courts have drawn the line of demarcation between habeas and civil rights actions definitively and this court finds their reasoning persuasive. See, e.g., Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002) wherein the Court of Appeals declared that whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of

2

ordered service on the Respondents and directed that they file an answer within twenty days of being served with the petition. Dkt. [17].

On February 7, 2008, the Respondents filed a motion for extension of time in which to file an answer. Dkt. [19]. In that motion for extension of time, the attorney for the Respondents represented that "[u]ndersigned counsel's initial review has disclosed that Petitioner's sentence was not miscalculated in the manner asserted by Petitioner. Nevertheless, in reviewing the calculations for Petitioner's sentence, some discrepancies were noted. Consequently, undersigned counsel has requested that both the Pennsylvania Department of Corrections and the

---

the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer, at 542. Now, this court acknowledges that the last sentence of the above quote does not say that **only** an action under § 1983 is appropriate, and therefore a habeas action is **not** appropriate, nevertheless, a careful reading of the entire decision, suggests that this is precisely what the Court of Appeals meant. See id. at 544, where the Court stated that

> [w]hen examining whether *Preiser* and its progeny require a claim to be brought under habeas, unless the claim would fall within the "core of habeas" and [consequently] require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983. Leamer's claim not only does not fall within the core of habeas; **it would not be properly brought under habeas at all**.

Id. at 544 (emphasis added). Taking this passage in context of the entire opinion, we read the Leamer decision as promoting the rule that where a claim does not necessarily challenge the fact or length of a judicially imposed sentence, then that challenge may not proceed by way of habeas. In this way, Leamer merely reiterates the long standing rule of Long v. Parker. The Court of Appeals for the Third Circuit previously indicated in Long v. Parker, that "[t]raditionally, the writ of habeas corpus has functioned to test the legality of confinement rather than the manner in which the detention is administered. Thus habeas corpus is not a proper proceeding to investigate complaints by prisoners of mistreatment since such complaints do not attack the legality of the confinement." Long v. Parker, 390 F.2d 816, 818 (3d Cir. 1968). Accord Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997); Piggie v. McBride, 13 Fed.Appx. 358 (7th Cir. 2001); Montgomery v. Anderson, 262 F.3d 641 (7th Cir. 2001); Boyce v. Ashcroft, 251 F.3d 911 (10th Cir. 2001), *vacated as moot upon rehearing*, 268 F.3d 953 (10th Cir. 2001).

3

Pennsylvania Board of Probation and Parole review Petitioner's sentence to determine the correct calculation of Petitioner's sentence." Dkt. [19] at 2. Respondents requested an extension of 10 days. That extension was granted on February 11, 2008. Dkt. [20]. On February 15, 2008, the Court received a notice of change of address from Petitioner, indicating that he was now living at a private residence. Dkt. [21]. On February 19, 2008, the Respondents filed an answer, in which they conceded that Petitioner's sentences had been miscalculated and that as a consequence of their discovery of this, Petitioner was immediately released and in light of his release, the Respondents argued that the petition is now moot.

**FACTUAL HISTORY OF SENTENCES OF PETITIONER**

Petitioner brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Bell complains therein that the Pennsylvania Department of Corrections ("DOC") and the Pennsylvania Board of Probation and Parole ("the Board") are improperly holding him beyond his maximum sentence date. Dkt. [17] at 21 to 23. Bell was initially charged with and thereafter convicted of Rape (18 Pa. C.S. § 3121) and Robbery (18 Pa. C.S. § 3701) at Information No. 1979-456 filed in the Court of Common Pleas of Butler County, Pennsylvania. Dkt. [22-2] at 2 to 3. On April 10, 1980, Bell was sentenced at Information No. 1979-456 as follows: upon conviction of Rape, Bell was sentenced to a term of not less than five (5) years nor more than fifteen (15) years imprisonment; upon conviction of Robbery, Bell was sentenced to a concurrent term of not less than five (5) years nor more than ten (10) years imprisonment. Id. Accordingly, Bell received an aggregate term of imprisonment of not less than five (5) nor more than fifteen (15) years. With credit for all pretrial custody, this sentence had an effective date of August 29,

1979. Thus, the minimum term of his sentence was set at August 29, 1984, and the maximum term was set at August 29, 1994. See id. Bell served this sentence under Inmate Number P-4563 (or AP-4563). Id.

Thereafter, by Board Action recorded on August 1, 1984, Bell was ordered to be paroled at the expiration of his minimum sentence. Dkt. [22-2] at 5. Bell was released from custody on parole on September 19, 1984. Dkt. [22-2] at 7.

Bell was subsequently arrested on June 12, 1985. Dkt. [22-2] at 15 to 23. Consequently, by Board Action recorded on July 19, 1985, the Board ordered that he be detained pending disposition of these new criminal charges. Dkt. [22-2] at 11 to 13. On August 5, 1985, Bell was charged with Criminal Attempt (Rape)(1 8 Pa. C.S. § 901(a)), Simple Assault (18 Pa. C.S. § 2701), Terroristic Threats (18 Pa. C.S. § 2706) and Resisting Arrest or Other Law Enforcement (18 Pa. C.S. § 5104) by Information filed at No. CC 198506811 in the Court of Common Pleas of Allegheny County, Pennsylvania. Dkt. [22-2] at 18 to 23. Bell entered a plea of not guilty to all of the new charges in Allegheny County and proceeded to a trial by jury. Bell was thereafter found guilty on all four counts by jury verdict entered on November 22, 1985. Id. Sentencing was deferred pending preparation of a pre-sentence report and disposition of post-trial motions.

Eventually, by Order entered on February 16, 1989, Bell's post-trial motions were resolved. Bell was granted a new trial on the charge of Resisting Arrest at Count 4 of the Information; however, Bell's motions were denied as to the remaining three counts. Id. Bell was sentenced immediately thereafter as follows: upon conviction of Criminal Attempt (Rape), he was sentenced to a term of not less than five (5) years nor more than ten (10) years imprisonment

and upon conviction of Terroristic Threats, he was sentenced to a consecutive term of not less than one (1) year nor more than two (2) years imprisonment; Bell was sentenced to no further penalty upon his conviction of Simple Assault.[2] Id., at 18 to 26. Thus, at No. CC 198506811, Bell received an aggregate sentence of not less than six (6) nor more than twelve (12) years imprisonment. Id. Bell served this sentence under Inmate Number ES-5939. Id.

As a result of this Allegheny County conviction, Bell was recommitted as a Convicted Parole Violator by Order of the Board entered on September 30, 1991. Dkt. [22-2] at 45. With credit for all pretrial custody – and allowing for completion of the backtime owed on his prior Butler County sentence – Bell's Allegheny County sentence had an effective date of May 21, 1996. Thus, the minimum term of this sentence was set at May 21, 2002, and the maximum term was set at May 21, 2008. Dkt. [22-2] at 25 to 26.

In a footnote in their answer, Counsel for the Respondents explained that

Upon review [by the authorities, which review was requested by counsel], this [calculation of Petitioner's Allegheny County sentence maxing out on May 21, 2008] was in error. In looking through the attached records, Bell was credited with only five (5) years, one (1) month and twenty-five (25) days on his Allegheny County Sentence from the date of his arrest on those charges – June 12, 1985 – until he was recommitted as a Convicted Parole Violator to serve backtime on his Butler County Sentence on August 7, 1991. See Exhibits 8, 10, 11, 12. The correct calculation reflects that the difference between these two dates is six (6) years, one (1) month and twenty-five (25) days. Thus, his maximum sentence date on his Allegheny County Sentence should have been set at May 21, 2007.

---

[2] On appeal to the Superior Court of Pennsylvania, the sentences imposed upon Bell's convictions of Criminal Attempt and Terroristic Threats were affirmed; however, his conviction of Simple Assault was reversed. Dkt. [22-2] at 28 to 38. Nevertheless, because no sentence had been imposed on this Simple Assault conviction, Bell's sentence remained unaltered. The Superior Court also noted that the charge of Resisting Arrest at Count 4 had been nolle prossed on April 7, 1989. Id., at 29, n. 2.

Dkt. [22] at 4, n.1.

Returning now to the historical account of what happened after this calculation error occurred, Bell was denied parole while serving his maximum sentence at No. 1979-456 by Board Actions recorded on February 5, 1996 and February 26, 1999. Dkt. [22-2] at 47 to 49. Bell completed service of his Butler County Sentence at No. 1979-456 on July 17, 2001. See Dkt. [22-2] at 2 to 3; 25 to 26; and 60.

By Board Action recorded on May 26, 2002, Bell was denied parole at the expiration of the minimum term of his Allegheny County Sentence at No. CC 198506811. Dkt. [22-2] at 51. Bell was subsequently refused parole again by Board Action recorded on September 13, 2004, and directed to serve his unexpired maximum sentence. See Dkt. [22-2] at 53.

Apparently prompted by this habeas petition and at the request of counsel, the Respondents conducted a review of Bell's sentences, shortly before the Respondents filed their answer, Dkt. [22] at 5, ¶ 15. As a result of the review, the Respondents recalculated Petitioner's sentence and determined that the maximum term of his Allegheny County Sentence at No. CC 198506811 expired on May 25, 2007. Dkt. [22-2] at 56 to 60. Bell was released from DOC custody on or about February 11, 2008, and is under no further sentence obligation of the Commonwealth of Pennsylvania. Id.

**DISCUSSION**

In their answer, the Respondents contend that the petition is now moot in light of the fact that Petitioner sought release from his confinement and he is now released. The Court agrees.

The rule is that where a party has obtained all the relief sought by the time a court comes to rule on a request for relief, the case becomes moot and should be dismissed. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981)("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot."). Accord Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir. 1988)("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing DeFunis v. Odegaard, 416 U.S. 312, 316-17 (1974)); Althridge v. Quiggs, 852 F.2d 621, 624 (D.C. Cir. 1988)("It seems clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot."). See also Lane v. Williams, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot."). Petitioner has been released from being in the physical custody of the DOC and the Board, and not only that, but the Board has determined that Petitioner maxed out on the sentence upon which the Board based the exercise of its jurisdiction over Petitioner. Even if the Petitioner had still been in the custody of the Board and/or the DOC at the time of writing this report, the only thing the Court could have ordered with respect to that custody is that Petitioner be released, which has already happened. As powerful as federal courts are, they cannot undo past deeds, they cannot change the past. They cannot go back now and make Petitioner to be out of custody from May 21, 2007, the date whereon his Allegheny County sentence, as correctly calculated, should have "maxed out." Hence, this claim by Petitioner is moot.

To summarize, the court recommends dismissal of the petition because it is moot.

**Certificate of Appealability**

A certificate of appealability (COA) should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is some difficulty with applying this provision when the District Court decides the case on procedural grounds. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000). In Slack v. McDaniel, the Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478. Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85. The test is conjunctive and both prongs must be met. See Walker v. Government of the Virgin Islands, 230 F.3d at 90.

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition for mootness was correct. In light of this conclusion, the court need not address the second prong of whether Petitioner showed that jurists of reason would find it debatable if the petition states a valid claim of the denial of a constitutional right. Accordingly, a certificate of appealability should be denied.

CONCLUSION

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

    Respectfully submitted,

    /s/ *Amy Reynolds Hay*
    United States Magistrate Judge

Dated: 9 January, 2009

cc: The Honorable Gary L. Lancaster
    United States District Judge

    Robert Steven Bell
    236 Zara Street
    Pittsburgh, PA 15210

    All counsel of record via CM-ECF