IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT STEVEN BELL,<br>                Petitioner | |
| vs. | Civil Action No. 07-1215<br>Judge Gary L. Lancaster/<br>Magistrate Judge Amy Reynolds Hay |
| Ph.D. DOCTOR JEFFREY A. BEARD,<br>Secretary, the Pennsylvania Department of<br>Corrections, District Attorney of the County<br>of Allegheny, and THE WARDEN of SCI-<br>Frackville<br>                Respondents | |

## MEMORANDUM ORDER

The above-captioned habeas petition was received by the Clerk of Court on September 7, 2007, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The petition was filed, Dkt. [17], wherein Petitioner claimed he was being held beyond his maximum sentence date and he sought release. After an extension of time was granted, the answer was filed, indicating that Petitioner was correct and that his sentence was incorrectly calculated. Apparently as a consequence of the inquiry by Respondents' counsel, the authorities reviewed Petitioner's sentence and shortly before the answer was filed, Petitioner was released from custody. On February 15, 2008, Petitioner filed a change of address, Dkt. [21], to a private residence.

The Magistrate Judge's Report and Recommendation, Dkt. [23], filed on January 9, 2009, recommended that the Petition for Writ of Habeas Corpus be dismissed because it was moot.

Service was made on the Petitioner at 236 Zara Street, Pittsburgh, PA 15210. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. Petitioner filed what he termed "limited objections," Dkt. [25] and sought an extension of time in which to file more objections. Dkt. [24]. The Court granted Petitioner's request for an extension of time in which to file more objections and required him to file such objections by February 24, 2009. Dkt. [26]. To this date Petitioner has not filed any further objections.

In his limited objections, Petitioner claims this case is not moot because he is entitled to "just compensation" for the wrongful calculation of his sentence. Dkt. [25] at 3, ¶ 1. Even if it were the case that Petitioner would be entitled to any compensation, such a right would have to be established other than in the current proceedings because all the relief one can obtain via a habeas petition is release and not compensation. See Razzoli v. U.S. Parole Commission, 116 Fed.Appx. 292, 293 (2d Cir. 2004)("A prerequisite to maintaining a petition for a writ of habeas corpus under § 2241 is that the petitioner is 'in custody' or 'detained,' see 28 U.S.C. §§ 2241(a) & (c), 2242, and the only relief that can be granted on such a petition is to 'award the writ [ordering release from custody] or issue an order directing the respondent to show cause why the writ should not be granted,' see 28 U.S.C. § 2243."). See also Muhammad v. Close, 540 U.S. 749 (2004) (per curiam) (recognizing that damages are unavailable in habeas). Thus, Petitioner's asserted entitlement to damages does not save this habeas petition from being moot.

As none of Petitioner's objections is found to be meritorious, the following order is entered.

AND NOW, this 14TH day of March 2009, after de novo consideration of the Report and Recommendation and Petitioner's objections thereto, and upon independent review of the record, it is hereby ORDERED that the habeas petition is DISMISSED as moot and it is ORDERED that a certificate of appealability is DENIED. The Report is adopted as the opinion of the Court as supplemented by this memorandum order. Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).

                                                Gary Lancaster
                                                U.S. District Judge

Dated:

cc:    The Honorable Amy Reynolds Hay
       United States Magistrate Judge


       Robert Steven Bell
       236 Zara Street
       Pittsburgh, PA 15210

       All counsel of record via CM-ECF